Good morning, your honors, and may it please the court. Noam Beale for Petitioner Michael Kimelman. The Supreme Court has emphasized time and again that the threshold for issuing a certificate of appealability is low. If reasonable jurists could debate the outcome, a certificate should issue. That is the only question in front of this court at this time, as the Supreme Court reminded us just last February in Buck v. Davis. Now there's no question here that Petitioner was convicted without the jury being informed of an essential element of the offense. And it is at least debatable that Petitioner is actually innocent of the crime of conviction. This is a case where the district court said in ruling on the Rule 29 motion that the verdict could go either way, and it was certainly a close case. And that was without considering the missing jury instruction on knowledge of a personal benefit. The district court acknowledged in the decision below that the evidence against Mr. Kimelman was not as overwhelming as against his co-defendants. Now where did the district court go wrong? The court made two inferential leaps. First, that the fact that Kimelman was asked about certain legal documents by Zvi Gofer meant that he should infer that the source of the information was a lawyer. Second, and more importantly, the fact that a lawyer was the source of the information meant that the information was disclosed in exchange for a personal benefit. And in making that leap, the district court conflated the source of the information and the motive for the disclosure. Well, help me understand something, if you would. In light of the procedural default previously, don't you have to show not that the evidence was insufficient, but that your client is actually innocent? That's correct, Judge Kaplan. So the standard has to be whether you've got enough here so that reasonable jurists would disagree as to whether he proved that he's actually innocent on this application. The question, as the Supreme Court has stated, is whether it's more likely than not that no reasonable juror would have convicted the petitioner based on the totality of the evidence. And what the Supreme Court said in Schlup versus Dello is that that's a more forgiving standard than sufficiency of the evidence. It's not whether a fact finder could find the defendant guilty, but whether taking all of the evidence, including making credibility determinations and looking at the coherence of all the evidence, is it more likely than not that no reasonable juror would have convicted the petitioner. And in this case, before this court now, the question is just whether that is debatable. And we submit that if the court finds that there is a possibility of debate among fair-minded jurists as to that question, a certificate of appealability should issue, and we should explore the question further before a merits panel. And that's all we're asking the court to decide. Am I correct in understanding that the knowledge instruction that was given here was precisely that that was disapproved by the court in Newman and that survived the review in Salmon? That's correct, Judge Carney. It's materially indistinguishable from the instruction given in Newman, and Salmon explicitly said in a footnote that the Supreme Court decision did not implicate that holding of this court in Newman. So that's entirely correct. This case is on all fours with Newman with respect to the instructional error. So I see that my time is close to expiring unless the court has further questions. We think that there is a debatable question in this case, and the issue should be decided by a merits panel. He was a lawyer, right? That's correct. A securities lawyer. That's correct. He was a corporate lawyer for a major law firm in M&A. You know, this wasn't information that talked about some projection or something like that. This was information that anyone in that field would know is not public until a particular release date. So for a lawyer who works in this field not to have known that this was inside information seems to me to be a very difficult argument for you to make. Well, Judge Raggi, the fact that it was inside information in and of itself does not make it a crime. No, no, but it was a particular kind of inside, and then he traded on that information. That's correct. So, yeah, I understand there are other elements, but I thought the element you were disputing was whether or not this was inside information and he knew it. The element we're disputing is whether he knew that the information was disclosed in exchange for a personal benefit. Well, all right. Now, he's also a securities lawyer, and did he think that this was being exchanged? It was information that for the lawyers in this firm to have disclosed would expose them to criminal culpability. What person would think that that was being disclosed except for some remuneration? Two points, Your Honor. First of all, the leap that Judge Sullivan made that because these were legal documents and this was information related to an impending merger meant that it was disclosed by a lawyer is simply not supported by the evidence. There are all kinds of other figures in an M&A transaction who would have possession of that information and might disclose it, and as a former M&A lawyer, Mr. Kimmelman would be aware of that, too. Remember, we're not here on whether or not you had any argument that you might colorably make to a jury. We're here on whether or not it is more likely than not that no juror would have convicted him on this, and I'm suggesting to you that the improbabilities of the scenario you're urging on us are such that make it difficult to satisfy that standard. What am I missing? Well, so first of all, in the Conrad and Durant case that we cited in our motion, the government conceded that a lawyer can disclose material nonpublic information for reasons other than the exchange of a personal benefit. That was this kind of information. It was information related to a pending transaction that that corporate attorney was working on, so it was very similar information. And moreover, in Newman... In the case in which they had evidence that everybody else in the scheme knew that they were paid for it, so your client would be the only obtuse one who wouldn't have had the knowledge because they were telling it to each other. So it's not like that was being kept closely guarded. In any event, why don't we hear from the government? I think we know your argument. Thank you. Good morning, Your Honors, and may it please the Court. My name is Brian Blaze, and I'm an assistant United States attorney in the Southern District of New York. This Court should deny Mr. Kimmelman's motion for a certificate of appealability because no reasonable jurist could conclude that Judge Sullivan's disposition of Mr. Kimmelman's habeas claims were debatable or wrong. Our counsel says that's at least debatable among reasonable jurists, so tell us why you don't think that's so. So, Judge Sullivan, with respect to the actual innocence claim, which is the first claim on which they're seeking a certificate of appealability, Judge Sullivan found that there was substantial evidence on the totality of the evidence, substantial evidence supporting Mr. Kimmelman's knowledge or conscious avoidance of the receipt of a personal benefit by those making a disclosure. I think significantly in your honor... Wasn't that all based on an inference about the type of information that it was and his endorsement of an inference that every reasonable juror would find that the disclosure was made for some pecuniary benefit because of the gravity of the criminal offense that the lawyer disclosing would be exposed to? Certainly part of the evidence that Judge Sullivan relied on was the inference from the nature of the information that is disclosed. In fact, this court recognized in Newman that information can be either so detailed or so proprietary to give rise to an inference that the information was disclosed by an inside source. And this is exactly... It's not that who disclosed it, but it was what was the benefit that was conferred and what knowledge did the defendant have of that benefit, that this is the part of Newman that survived. And that was the part that seems to me somewhat debatable here. You're correct, your honor, that that is the element that we are focused on here. One piece of evidence that Judge Sullivan relied on was certainly the inference that can be drawn from the nature of the information provided. And again, that's something this court in Newman said can be used to contrast the actual situation in Newman. There was lots of evidence here, though, that it was paid for. It was paid for information, right? That's correct. And lots of other people. There was lots of evidence that lots of other people knew it. That's correct, your honor. The piece that's missing is evidence that this particular defendant knew it. Correct. We're not in a scenario where, well, maybe it was disclosed for non-remunerative purposes. It was. It's whether he knew it. So stay focused on that. Certainly. There's no dispute that there were bags of cash provided to the insiders here. You know, as I think is in the papers, there is no direct evidence. There is nobody who testified at the trial that I told Mr. Kimmelman that I paid or I gave the insiders a bag of cash. There is not that evidence here. So, again, it is the nature of inferences that can be drawn from the evidence. One is the nature of the evidence that was disclosed. Two, and Judge Sullivan relies on this in part in his decision as well, is the fact that Mr. Kimmelman engaged in conduct that indicated that he was aware he was involved in an illicit activity, including meeting on the street, coming in from Westchester rather than speaking over the phone with Mr. Goffer. But, again, why does that suggest that he knew the nature of the personal benefit or that there was a personal benefit as opposed to just that someone was breaching for who knows what reason? Well, I think when you take the – Doesn't the government have to show that he knew of the kind of benefit that was being – or that a benefit, a personal benefit that's adequate under Salmon was being confirmed? Well, again, the question here is not whether the government showed that, but whether it is debatable that no rational juror would have convicted on the evidence that was introduced. And I think – But just before we leave that point, isn't at least part of the answer to Judge Carney's question that knowledge or conscious avoidance of knowledge of the cash payments would have, in the mind of this defendant, enhanced the risk of criminal liability and, therefore, doesn't all of the surreptitious behavior on his part tend to confirm that he knew or consciously avoided knowledge of the payoffs? Certainly. I think that's certainly accurate, Your Honor. And as to the issue of conscious avoidance, this Court, in its opinion on direct appeal, indicated that there was an ample factual predicate that Mr. Kimmelman consciously avoided the fact that the information was provided by an insider. Certainly that same factual predicate exists as to whether he consciously avoided the issue of whether a benefit had been provided. Again, this Court said there was ample support, ample evidence supporting that factual predicate. If I might just, for one just short moment, address the second claim that they are making, which is the instructional error claim. As this Court is aware, Judge Sullivan found that that claim was procedurally barred In a circumstance where a habeas claim is resolved on a procedural basis, there needs to be a determination by this Court with respect to the certificate of appealability on both the procedural and the merits ground. And for support for that, I'd cite SLAC v. McDaniel, 529 U.S. 473, which is a 2000 Supreme Court case. And there was certainly no effort in their papers with respect to the instructional error claim in any way to challenge Judge Sullivan's procedural findings with respect to the procedural bar. And so we would suggest that a certificate of appealability is not warranted on the second claim. Thank you, Your Honor. All right. We're going to take this matter under advisement and try to get you an answer as quickly as possible. Thank you.